10-2004-ag
Lin v. Holder

BIA
A073 037 871

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand eleven.

PRESENT:
>    ROGER J. MINER,
>    BARRINGTON D. PARKER,
>    PETER W. HALL,
>        *Circuit Judges.*

_____

CHAO XIONG LIN,
>    *Petitioner,*

>    v.                                    10-2004-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:      Peter S. Gordon, Forest Hills, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Lauren E. Fascett, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chao Xiong Lin, a native and citizen of the People's Republic of China, seeks review of an April 23, 2010 decision of the BIA denying his motion to reopen. *In re Chao Xiong Lin,* No. A073 037 871 (B.I.A. Apr. 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We review for substantial evidence the BIA's evaluation of country conditions evidence submitted with a motion to reopen. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

It is beyond dispute that Lin's motion to reopen was untimely, as it was filed more than six years after the agency's order of removal became final. *See* 8 C.F.R. § 1003.2(c)(2). However, this time limitation does not apply to a motion to reopen asylum proceedings that is "based on changed circumstances arising in the country of

nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, Lin argues that he did in fact satisfy this exception and that the BIA failed to adequately consider the evidence he submitted in support of his motion.

Contrary to Lin's argument, there is no indication that the BIA ignored any evidence he submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). In fact, the BIA explicitly referred to Lin's evidence in its decision.

As for the finding on country conditions, the BIA recognized that the mistreatment of Falun Gong practitioners in China had commenced in 1999 and that there was also "substantial repression before and after the 2008 Olympics" in Beijing. However, the BIA reasonably found that Lin's motion to reopen was not based on any change in the treatment of Falun Gong practitioners in China but was instead based on his own practice of Falun Gong, which did

3

not begin until 2008.  It is well-settled that changed personal circumstances are distinguishable from changed country conditions.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-274 (2d Cir. 2006) ("The law is clear that a petitioner must show changed country conditions in order to exceed the 90-day filing requirement for seeking to reopen removal proceedings. . . . A self-induced change in personal circumstances cannot suffice." (internal citation omitted)); *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130 (2d Cir. 2005) (per curiam) (holding that a change in personal circumstances does not qualify as "changed circumstances" so as to invoke the exception provided by 8 C.F.R. § 1003.2(c)(3)(ii)).  As Lin asserted that he did not begin practicing Falun Gong until after conditions worsened for Falun Gong practitioners around the time of the 2008 Beijing Olympics, the BIA did not err in finding that Lin had failed to demonstrate changed country conditions as required to overcome the time limitation on motions to reopen.  *See* 8 C.F.R. § 1003.2(c)(3)(ii)).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk